Edwards, J.
Upon the trial of this action the plaintiff’s counsel objected to the admission of evidence of a parol license to commit the acts of waste complained of. This objection was sustained, but at the same time the court ruled that it was competent for the defendant to give in evidence a parol agreement, mutually beneficial to the parties, by which wood was to be cut and the land seeded; or in other words, for it seems to me that such is its meaning, that, the defendant might prove a contract of sale of the wood to him, founded on the consideration that he would seed down the land that he cleared. To this ruling the plaintiff’s counsel excepted, and I think that the exception was well taken. In the case of Green v. Armstrong (1 Denio, 556), the court, after a thorough examination of the cases, held that a parol contract for the sale of growing trees was void by the statute of frauds, it being a contract for the sale of an interest in land. This decision, as far as I am aware, has been received with approbation, and may be considered as the settled law of this state.
A witness was afterwards introduced who was asked whether there was pasture land upon the place proportionate to the quantity of meadow, and also whether he considered the cutting of the timber a benefit to the inheritance. Both of these questions were objected to and the objection was overruled, and the plaintiff’s counsel excepted.
When the law defines waste to be whatever does a lasting damage to the freehold or inheritance, it does not mean that *118 it is to be left to a jury to determine, according to the opinions - of witnesses, whether the act complained of causes such damage. Certain acts are, in contemplation of law, per se injurious to the freehold# and the only subject of inquiry for the jury is whether such acts have been committed. By the law of England it is considered waste to cut timber. It is also considered waste to convert wood-land into meadow or pasture or arable land. These rules have been modified to some extent in this state, in reference to wild and uncleared lands leased for agricultural purposes. (Jackson v. Brownson, 7 John., 227; Kidd v. Dennison, 6 Barb., 9.) This has been done from the necessity of the case. The premises upon which the waste is alleged to have been committed in this case, as appears by the bill of exceptions, had been cleared and cultivated. They were let as a dairy farm, and there was a covenant against waste. It is not pretended that all the wood cut down was required for fences or repairs of the buildings, or for any other purpose for which it might be legally used by the tenant. Under these circumstances, I think that the clearing of the wood-land was in itself an act of waste; and whether it was so or not is a question of law, to be decided by the court and not by the opinions of witnesses. Neither were the questions objected to admissible in reference to the amount of damages. The exceptions to the ruling of the court, in reference to both of the questions, were well taken, and a new trial should be granted. As none of the other exceptions are insisted upon by the plaintiff I have not considered it necessary to allude to them.
Denio, J.
I am of opinion that two errors were committed on the trial of this cause. First. The farm which the defendant held under a lease from the plaintiff contained about two hundred and thirty or two hundred and forty acres, seventy or eighty acres of which remained in forest and the remainder was cleared. The defendant was proved to have cut down about an acre of the timbered land; and *119 he sold a part of the wood in market. He was permitted to prove, against an objection by the plaintiff, that he applied to the plaintiff for two or three acres of wood, saying that he had more hay to winter cattle than he had pasture to pasture them, and that he would seed down the land that he cleared; that the plaintiff said that the defendant was welcome to the wood if he would clear up and seed down the land on which it stood; and-the jury were charged that if this was an agreement for the mutual benefit of the parties, and the wood was cut in pursuance of it, it was a defence to the action. The action was for waste, and the following statutory provision applies to the case: “If * * * any tenant * * * for term of life or years, * * * shall commit waste * * * of the houses, * * * lands or woods, * * * without a special and lawful license in writing so to do, they shall respectively be subject to an action of waste,” (2 R. S., 334, § 1.) The object of the qualification respecting the evidence of a license is the same with those provisions of the statute of frauds requiring certain transactions to be put in writing, namely, to prevent agreements from being set up by false or mistaken oral testimony. I do not think the annexing a condition to the license (for this is what the evidence at most amounted to) renders the parol proof of it anymore competent than it would otherwise have been. Nothing like an agreement was shown. The defendant did not agree to clear or seed down any of the wood land, but only that he would seed down what he should clear. It was a clear case of a license proved by parol against the express provision of the statute.
Again, a witness was permitted to swear that he considered the cutting of the timber a benefit to the inheritance. This was in violation of the rule so often laid down within the last few years, excluding opinions except from professional and scientific witnesses, and upon questions of skill and science. Many of these cases are referred to in Dewitt v. Barley, decided at the last term. (See 5 Seld., 371.)
*120 The judgment of the court below should be reversed and a new trial granted. °
All the judges concurred.
Ordered accordingly.