## PLUMER *v.* PRESCOTT.

43  277
68  130

Upon a sale of all the wood and timber on a certain lot of land of the plaintiff, the vendee to have until a certain day to take it off, the purchaser cut it all within the time limited, but left a part lying upon the lot, which the defendants, having afterward entered upon the land, hauled off : —

In an action for breaking and entering the plaintiff's close and taking away his trees, it was *held,* that he could not include in his damages the wood in question.

IT was agreed by the parties that judgment should be rendered for the plaintiff for eighteen dollars damages, and costs. It was further agreed that the additional sum of one hundred and fifty dollars damages, should be recovered by the plaintiff, if the court should be of the opinion he is entitled to recover the same on the following statement of facts, agreed to only for the purpose of raising the question of law:

August 8, 1856, the plaintiff and Samuel Prescott entered into a written agreement, a copy of which was as follows:

"EPPING, Aug. 8, 1856.

Samuel Prescott bought of Samuel Plumer, Jr., all of the wood and timber that is now on a lot of land in said Epping, east of the meadow, bounded by land north, and east by land of David Bartlett, and south by land of Eliphalet Dearborn, for the sum of three hundred dollars; and the said Samuel Prescott is to have from the above date until the first day of September eighteen hundred and fifty-seven to take it off in."

The plaintiff was and is the owner of said lot of land mentioned in the agreement and in the writ. A part of the wood and all the timber on said lot was cut and hauled off before September 1, 1857. The wood mentioned in the writ of the value of one hundred and fifty dollars, was cut and piled up on various parts of said lot before September 1, 1857; but was hauled off between October 1, 1857, and the date of the writ, by Samuel Prescott, and John H. Prescott, acting under him. If the court should be of the opinion that the plaintiff is entitled to recover the value of said last mentioned wood, then the plaintiff is to recover as damages, in all, one hundred and sixty-eight dollars.

*Wood,* and *Frink,* for the defendant, cited 9 B. & C. 573, and *Nelson* v. *Nelson,* 6 Gray 385; *Claflin* v. *Carpenter,* 4 Met. 583; and *Cudworth* v. *Scott,* 41 N. H. 402.

*Bell,* for the plaintiff, cited *Kemble* v. *Dresser,* 1 Met. 271; *Pease* v. *Gibson,* 6 Greenl. 81; *Putney* v. *Day,* 6 N. H. 430; *Howard* v. *Lincoln,* 13 Me. 122; 4 Met. 543; 41 N. H. 16.

BELLOWS, J. The contract, in the case before us, was for the sale of all the wood and timber on a certain lot of land of the plaintiff, with a right to take it off until the first day of September, 1857. The wood and timber was all cut before that time, and all the timber and part of the wood hauled off; leaving a part piled up in

various places upon the lot, which was hauled off after October 1, 1857, by the defendants.

The question is, whether in an action of trespass for breaking and entering this tract of land after October 1, the plaintiff is entitled to include in his damages the value of the wood thus hauled off. Assuming that the sale was limited to such trees as were cut during the time specified, (as would seem to be the doctrine of *Pease* v. *Gibson*, 6 Greenl. 81; recognized in *Putney* v. *Day*, 6 N. H. 430; and, also, of *Kemble* v. *Dresser*, 1 Met. 271; and *Reed* v. *Merrifield*, 10 Met. 155) still it does not follow that the vendee acquires no property in such trees as he had cut before the expiration of the time limited, although he permitted them to remain until after. Until cut they may be regarded as part of the soil in which they are rooted; and so it is decided in *Green* v. *Armstrong*, 1 Denio 550; and *Olmstead* v. *Niles*, 11 N. H. 522; and it might well be held, that no interest remained to the vendee in the land, or in the trees which are parcel of it, after the time limited in the contract. Otherwise, we should be driven to hold that the interest of the vendee in the land was not governed by the contract, but was extended beyond it indefinitely, by an assumption that a property in the trees as chattels, and not as parcel of the soil, was vested in the vendee, and at the same time giving him the use of the land for their support. When, however, these trees are lawfully cut by the vendee, within the time limited by the contract, they cease to be parcel of the land and become the personal property of the vendee; and unless it can be considered that he has waived or forfeited his title to the timber by neglecting to remove it within the time, it must stand for aught we can see upon the footing of any other personal property of the vendee, which, by his fault or neglect, and without any fault of the vendor, is upon the land of the latter. It is very clear, we think, that having been lawfully severed from the land, it has become personal property, and at any period before the expiration of the limited time, at least, the title is vested in the vendee as fully as any other chattels. If this be the case, it is difficult to see how the title can be lost by the neglect to remove it. It is true, that in *Pease* v. *Gibson*, the contract was regarded as a sale upon condition that the trees were cut and carried away within the two years; but the reasons assigned chiefly apply to their being suffered to remain standing upon the land, and not only incumbering it, but taking from it the means of growth and support. So in *Putney* v. *Day*, before cited, it is spoken of as a sale of such timber as might be taken within the two years. But it is obvious, that in neither case was the attention of the court directed to any distinction between the severing of the trees from the land after the expiration of the license and the title to them, when lawfully severed during the time limited. In *Kemble* v. *Dresser*, 1 Met. 271, it was held that no title to the wood cut, but not removed during the time fixed, vested in the vendee; but here the sale was with an express condition that the wood should be "got off and removed within two years, and not afterward." In *Nelson* v. *Nelson*, 6 Gray 385, the plaintiff claimed wood under a sale like the one now in

question; and it had been cut and was lying upon the ground when the defendant, the owner of the land, burnt it; and it was decided that the defendant was answerable for its value to the plaintiff, "because it did not appear that the time within which it was to be taken from the land had expired before it was burnt, nor that it was to be forfeited to the defendant if not taken off within that time." This evidently recognizes a distinction between the sale there, and in the case of *Kemble* v. *Dresser*, which, as we have seen, was expressly upon condition that the wood should be removed within two years. And the tendency of the opinion is in favor of the conclusion we have reached—that the title to the wood cut during the time fixed, was not lost or forfeited by neglecting to remove it within the two years.

The vendee in this case, having paid to the plaintiff the full value of the wood, and having expended his money in cutting it, has a strong equitable claim, notwithstanding his neglect to remove it; and it is a satisfaction to the court to find, upon careful consideration, that neither authority or principle requires that the plaintiff be allowed to hold both the wood and the price of it. We hold, then, that the plaintiff is not entitled to include the value of the wood in the amount of his damages; although, having been left there by his own neglect, and without the fault of the plaintiff, he might not be able to justify an entry to remove it after the expiration of the two years; not, at least, without a previous request and an offer of amends as suggested in Harr. N. P. 168, and 1 Dane's Abr., ch. 2, arts. 1 to 5. Whether such entry could be justified at all, need not be settled now; but we are satisfied that the title to the wood still remained in the vendee. Therefore, in accordance with the agreed case, the recovery of the plaintiff must be limited to the eighteen dollars, and for that there must be

*Judgment for the plaintiff.*