RALPH NEWELL, Appellant, *v.* RICHARD WHIGHAM et al., Respondents.

A sheriff's return to a writ of possession is not conclusive as to the execution of the writ.

As against a mortgagee of a leasehold interest, who is not in possession of the demised premises, to set the six months statute of limitations running (2 R. S. 506, § 35), and cut off his right to redeem, the execution of a writ of possession, issued in an action of ejectment brought by the landlord because of non-payment of rent, must be an open, visible and notorious change of possession; a merely nominal and secret execution of the writ is not sufficient.

In an action to foreclose a mortgage upon a leasehold interest, in which the assignee of the landlord defended on the ground that the mortgage had been cut off by the execution of a writ of possession in an action of ejectment brought by the landlord for non-payment of rent, and by a failure of the mortgagee to redeem within six months, it appeared that the deputy of the sheriff, to whom the writ was issued, went upon the premises and notified W., the assignee of the lease, who was in possession, of his business; he did not go into the house upon the premises, but reached in, took a chair, set it out and went off; it did not appear that the chair was removed from the premises; W.'s family were there at the time, and remained there, and he continued in actual occupation thereafter. It did not appear that any person was put in charge or possession on the part of the plaintiff in the ejectment suit, or that W., or any person on the premises, attorned to the plaintiff or to any one in his behalf, or undertook to hold for or under him. The sheriff made return that he had executed the writ by delivering possession to the plaintiff in the ejectment suit. *Held*, the evidence did not justify a finding that the writ was executed.

*Witbeck* v. *Van Rensselaer* (64 N. Y. 27), distinguished.

The complaint set forth the recovery of judgment in the ejectment suit, and alleged a tender and payment into court of the amount of rent in arrear, with the costs and charges to which the plaintiff in that action was entitled; also that plaintiff here was ready and willing to pay said rent and charges. It was claimed by defendants that the effort to redeem was ineffectual, as the amount tendered was insufficient, and that, therefore, the complaint was properly dismissed. *Held* untenable; that as the statutory limitation as to time to redeem had not expired at the time of trial, the insufficiency of the amount tendered did not authorize a dismissal of the complaint; that as the complaint contained an offer to pay all the back rents, costs and charges, the court could have required the payment of the proper amount as a condition of granting relief.

(Argued November 25, 1885; decided March 26, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made November 21, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term.

The nature of the action and the material facts are stated in the opinion.

*Isaac H. Maynard* for appellant.　The statute imposing a short bar at six months to a common-law right of redemption should receive a strict construction. (*Doe, ex dem. Hitchens*, v. *Lewis*, Burr. 619; *Hill* v. *Barclay*, 18 Ves. 60; 2 Platt on Leases, 477; Woodfall's Landl. and Tenant [7th ed.], 655, 656; *Hasbrouck* v. *Paddock*, 1 Barb. 635; *Mitchell* v. *Smith*, 53 N. Y. 413.)　The plaintiff's right to relief is not barred by the statute above quoted, because no valid execution was ever issued and executed on the judgments against Whigham. (Code of 1848, §§ 283–290.)　The executions were a nullity as to the plaintiff, because they commanded the sheriff to return them to the court instead of to the clerk, and within twenty-one days after they were issued, instead of sixty, as required by the statute. (Old Code, § 290.)　The execution should have been issued by the assignee, and it should have directed the delivery of the possession to him. (Herman on Executions, 44; Code, § 289, subd. 4.)　The proof shows that the writ of possession was never actually executed. (Herman on Executions, 530, 531, 553; *Witbeck* v. *Van Rensselaer*, 64 N. Y. 27.) The return of the sheriff is not conclusive. (*Browning* v. *Hanford*, 5 Denio, 289; *Baker* v. *McDuffie*, 23 Wend. 586; *Fitch* v. *Devlin*, 15 Barb. 47.)　The plaintiff's time to redeem did not begin to run, because the costs in the ejectment suits were never finally adjusted. (Old Code, § 311; *Sherman* v. *Wells*, 14 How. 522, 526, 527; *Chapman* v. *Plymouth Society*, 42 Barb. 441; *Sherman* v. *Postley*, 45 id. 348.)　The defendants are now estopped from insisting that there was a forfeiture of the lease, under the judgments in ejectment against Whigham, by the order which Mr. Youmans procured to be entered September 26, 1873. (*Dwight* v. *St. John*, 25 N. Y. 203; *Riggs* v. *Purcell*, 74 id.

374; *Bennett* v. *Couchman*, 48 Barb. 73.) Mr. Youmans by his stipulation dated October 30, 1873, waived the forfeiture, if any had been incurred, by his previous attempt at re-entry. (*Collins* v. *Hasbrouck*, 56 N. Y. 157; *Shearman* v. *Niagara Ins. Co.*, 46 id. 526; *Galagher* v. *Nichols*, 60 id. 438; *Harris* v. *Thorpe*, 8 Paige, 422.) The provisions of the statute relating to the redemption of lands from a forfeiture on account of the non-payment of rent have no application to the stipulations, and do not in any manner restrict or limit the jurisdiction of the court to grant relief to a party whose failure to comply with the terms of the stipulations is excusable. (2 Story's Eq. Jur. [5th ed.], §§ 1314–1321; *Skinner* v. *Dayton*, 2 Johns. Ch. 525; *Livingston* v. *Tompkins*, 4 id. 415; *Spaulding* v. *Hollenbeck*, 39 Barb. 79; *Giles* v. *Austin*, 62 N. Y. 486; *S. C.*, 46 How. 269; 38 N. Y. Supr. [J. & S.] 215–235.) The plaintiff's right to a retaxation of costs in the ejectment suits against Whigham is expressly recognized in the order of September 23, 1873, and an application for such retaxation provided for. (*Union Bank* v. *Bush*, 36 N. Y. 636.)

*William Youmans* for respondents. The plaintiff having failed to pay the costs and rent in arrear within six months from the 27th day of June, 1872, the date of the execution of the writs, is barred and foreclosed from all relief in law or in equity. (2 R. S., part 3, chap. 8, title 9, art. 2, p. 506, §§ 33, 34, 35, 36; *Witbeck* v. *Van Rensselaer*, 2 Hun, 55; affirmed, 64 N. Y. 27.) The writs of possession were in the form prescribed by 3 R. S. [5th ed.] 595, and may be returnable immediately. (18 Q. B. 806; Herman on Executions, 534; *Budd* v. *Bingham*, 18 Barb. 498, 499.) The time, allowed the plaintiff to redeem the premises from the consequences of the judgments in ejectment, began to run at the time of the eviction of the defendant in ejectment under the writs of possession. (*Witbeck* v. *Van Rensselaer*, 2 Hun, 55; *S. C.*, 64 N. Y. 27.) The costs in the two actions of ejectment against Whigham having been taxed and retaxed on notice, in the manner provided by statute, became conclusive upon the defendant therein, and those in privity with him, and cannot be attacked

collaterally. (*Pitman* v. *Mayor, etc.*, 3 Hun, 370 ; *Supervisors* v. *Briggs*, 2 Hill, 135 ; *S. C.*, 2 Denio, 26 ; *White* v. *Coatsworth*, 2 Seld. 137, 143 ; *Van Schaick* v. *Winnie*, 8 How. 5 ; *Nellis* v. *De Forest*, 6 id. 413 ; *Hanna* v. *Dexter*, 15 Abb. 135 ; Wait's Ann. Code, 626, notes *e, h ;* 3 Wait's Sup. Ct. Pr. 558, 559 ; 11 How. 160 ; 1 id. 195.) In proceedings in equity, if fraud is not alleged in the pleadings, no proof can properly be received. (*Bailey* v. *Rider*, 10 N. Y. 363.) An issuable fact not alleged, though proved, cannot form the basis of a decree, the judgment must be *secundum allegata*. (*Field* v. *Mayor, etc.*, 6 N. Y. 179 ; *Wright* v. *Delafield*, 25 id. 266 ; *Arnold* v. *Angell*, 62 id. 509.)

RAPALLO, J. The plaintiff was mortgagee of the lessee's interest in two tracts of land in the Kortright patent held under a perpetual lease from Kortright, reserving rent. This action was brought to foreclose the mortgage on the lease. The defendant Youmans succeeded to Kortright's title to the fee and the rents, and held such title up to January 17, 1873.

The plaintiff's mortgage was dated July 4, 1864, and recorded August 15, 1864, and was given to secure the payment of the sum of $1,657.25 and interest. It covered one hundred and fifty acres of land in lot 86, and five acres and seventeen rods in lot 101 of the Kortright patent. The complaint was in the ordinary form in an action for the foreclosure of a mortgage on leasehold property, except that, in addition to the usual averments, it alleged that in February and March, 1871, Eliza Cruger and William Youmans, who were at that time the owners of the fee, recovered separate judgment in ejectment for non-payment of rent, against the tenant in possession of the one hundred and fifty acre lot, and that on the 28th of June, 1872, they issued executions or writs of possession on said judgments to the sheriff of Delaware county, who, on the 14th of November, 1872, filed in the office of the clerk of the court his return to said executions, stating that he had *delivered possession* of the premises to the plaintiffs as required by the writs. The complaint then went on to allege that at the time last mentioned Youmans was the

owner of both of the judgments and of Kortright's title, and set forth proceedings for the re-taxation of the costs in the ejectment suits and a stay of those proceedings. That the costs amounted to $1,085.55, but were by an order entered in December, 1871, ordered to be re-taxed, and that proceedings under that order had been stayed. That if re-taxed, in accordance with the opinion delivered by the court on the decision of the motion, the costs would amount to only the sum of $260. That the rent in arrear on the Kortright lease, up to the time of the commencement of this action, was $400 and had been tendered by the plaintiff to the landlord, and that the plaintiff had, before the commencement of this action, paid into court all the rent in arrear and all costs and charges legally incurred by the plaintiffs in the ejectment suits, and that the plaintiff in this action was ready and willing to pay said rent and charges.

The relief asked was the usual foreclosure, and a special judgment that the plaintiff's mortgage should not be affected by the judgments in ejectment ; that those judgments might be adjudged paid ; that the mortgaged premises be sold and the plaintiff be paid the amount due on his mortgage, and his costs and the amounts paid by him for arrears of rent and costs. The answer alleged that writs of possession were issued on the judgments, and that on the 27th of June, 1872, the sheriff of Delaware county dispossessed the occupants of the farm and *gave the possession* thereof to the defendant William Youmans, Jr., then owner, etc., who then and there became possessed thereof and continued, etc. The court dismissed the complaint on the sole ground that the plaintiff's mortgage was cut off by the judgments in ejectment and executions executed thereon, and his failure to redeem within six months after *executions executed.*

It appears from the findings that the executions were returned on the 14th of November, 1872, as having been executed on the 27th of June, 1872, and that on the 18th of November, 1872, the attorney for the present plaintiff received notice of the filing of the return. It does not appear that the plaintiff had any notice of the execution of the writs before

that time; and within less than three months afterward, viz., on the 30th day of January, 1873, he endeavored to redeem his interest as mortgagee, from the judgments in ejectment, by tendering to Youmans for back rent and costs, with interest, the sum of $750, and on his refusal to accept that sum the plaintiff paid the amount into court, and on the nineteenth of February following brought this action, making Youmans a defendant as holder of the judgments for costs, and also Martha Whigham, to whom Youmans had, on the 17th of January, 1873, conveyed the fee of the land, Martha being the wife of Richard Whigham, the grantee of the mortgagor, who had taken his deed subject to the plaintiff's mortgage as is expressed in the deed. The defendants now claim, and the court below held, that the plaintiff's mortgage was cut off and his effort to redeem was ineffectual, *first*, because it was too late, and *second*, because the amount tendered was insufficient.

If the tender was too late and the six months limited by the statute had expired, the amount tendered became immaterial, but if the statutory limitation as to time had not expired, even at the time of the trial of the action, then the insufficiency of the amount tendered would not authorize a dismissal of the complaint, for it contains an offer to pay *all* the back rents, costs and charges, and the court could have required the payment of the proper amount as a condition of granting relief. It is, therefore, unnecessary now to go into the question of the right of the plaintiff to a re-taxation of the costs and their reduction under the various orders and stipulations set out in the case. The decision of this appeal must turn upon the question whether the six months limitation had expired.

The plaintiff contends that it had not expired, for various reasons, some of which were considered and passed upon in the court below, and many of which do not appear to have been there raised. First, he contends that the executions were void by reason of numerous departures from the requirements of the Code of 1848. Further, that the six months did not begin to run until the execution was returned and filed November 14, 1872, as it was not fully executed until that time, the command to make return not having been obeyed. Also that the

executions were only partial, not being executions on the whole of the judgments, which included the costs awarded, and which should have been collected from the judgment debtor; but a more decisive point than all these is that the executions were never executed, possession of the premises not having been taken by the sheriff or delivered to the person entitled. If this point is well taken it is decisive of the case without reference to the others.

The facts and circumstances attending the alleged execution of the writs were proved on the trial without objection, and were found by the trial judge, and the question is, therefore, fully presented to us whether they disclose an execution of the writs sufficient, under the statute, to cut off the rights of a mortgagee not in possession.

Richard Whigham in 1870, and while the ejectment suits were pending, conveyed the leasehold title to his son James M. Whigham, subject to the plaintiff's mortgage, which James M. in and by the deed to him assumed to pay. It is found that at the time when the writs of possession were claimed to have been executed, James M. Whigham was in possession of the premises. The trial judge, in his seventh finding of fact, states, among other things, that writs of possession on the judgments of Cruger and Youmans were issued to the sheriff of Delaware county, and that on the 27th of June, 1872, said sheriff executed said writs as by them commanded, and made and signed returns in each case in the following form:

"DELAWARE COUNTY, *ss.* :

I, Edward Griffith, sheriff of Delaware county, do duly certify that I have executed this writ by delivering the possession of the premises therein described to the plaintiff William Youmans, Jr., this 27th day of June, 1872.

EDWARD A. GRIFFITH,

*Sheriff.*

By ALEXANDER SHAW, *Under Sheriff of Delaware County.*"

The plaintiff duly excepted to so much of this seventh finding of fact as states that the sheriff executed said writs.

The part of the finding thus excepted to is contrary to the evidence and to the fifteenth finding of fact.

The evidence, and the whole evidence on the subject outside of the sheriff's return, is that of James M. Whigham, the party in possession. He testified that he succeeded his father, the defendant in the ejectment suits, in the possession of the premises, and was there at the time the writs of possession were claimed to have been served. That he thought Deputy Sheriff Shaw and Charles McPhail, a clerk of Youmans, came there. Shaw told his business and asked witness what he should set out. Witness told him to set the woman out if he wanted to, and he said he did not want to do that, and he did not go into the house at all, but reached in and took out a chair and set it out and went off. That witness' family were there at the time and remained there after that. That he had stated all that was done.

It does not appear that even the chair was removed from the demised premises. The witness further testified that after the alleged dispossession he met Youmans and talked about a settlement with him, and he said to witness : " Go home and keep still until the time runs out, and we will beat the old devil out of his mortgage there up to the head of the river, beside Gilbert & Maynard."

This conversation was denied by Youmans, and the trial court held that the questions of fraud and collusion to cut off the plaintiff's mortgage could not be tried in this action for the reason that they were not alleged in the complaint, and that is one of the questions raised by the appellant on this appeal. But the evidence as to what took place at the time of the alleged execution of the writ of possession is not in any respect controverted, and by the fifteenth finding of fact the trial court found that at the date of the execution of the writs of possession, James M. Whigham was in possession and *he was not,* nor were *his movables all* removed from said premises, and he continued in actual occupation of said premises until about January 17, 1873, the date of the deed from William Youmans to Martha Whigham, since which time she and her husband Richard have been in possession of said premises.

It is not found, nor is there any evidence whatever, that any person was put in charge or possession on the part of the plaintiffs in the executions, or that James M. Whigham or any person on the premises attorned to the plaintiffs in the executions, or to any one on their behalf, or undertook to hold for or under them, or in any manner recognized title or possession in them.

On these facts it clearly appears that there was no change whatever in the possession, and that what was done amounted simply to a notification to the tenant that the sheriff held writs of possession. He put no one out and no one in.

The ordinary rule in regard to the execution of a writ of possession is that the plaintiff must be put into full and complete possession. That the possession to be given by the sheriff is a full and actual possession, and that where the plaintiff is put into possession under circumstances plainly intimating that such possession is but formal and momentary, and he is accordingly ousted on the same day, such putting into possession is insufficient, and that the writ of possession will not be regarded as fully executed until the sheriff and his officers are gone and the plaintiff is left in quiet possession. (Herman on Executions, 531, 532, 533; *Kingsdale* v. *Mann*, 6 Mod. 27 ; 2 Tidd's Pr. 1247.)

In the case now before us there was not even a formal delivery of possession to any one, even for a moment. The sheriff's deputy went away without disturbing the tenant, and leaving him in full and undisturbed possession.

The statute (2 R. S. 506) sets the six months' limitation running against the lessee or his representatives or assigns from the time *possession shall have been taken* by the landlord under execution, etc. (§ 33), and against a mortgagee of the lease or any part thereof, not in possession of the demised premises, from the time when execution on the judgment shall have been executed (§ 35) ; and any person claiming any interest in the lease may file his bill in equity for relief until the time thus limited has expired. In the case of a mortgagee out of possession, who is not chargeable with notice of the proceedings against his mortgagor, stronger grounds exist for requiring that,

for the purpose of cutting off his mortgage, the writ of possession should be executed by an open, visible and notorious change of possession, than in the case of the tenant or the defendant in the judgment; and a merely nominal and secret execution of the writ should not be held sufficient to bar him.

One of the arguments used by the learned trial judge in answer to the plaintiff's claim that the time should run only from the filing of the return was, that by the law of this State, possession of real estate by a person was as effectual a notice to the world of his rights in the land, as a recorded title. This argument would apply where the landlord was put in visible possession of the land under a writ of possession, but it is difficult to see its application where the change of possession is claimed to have been effected by such a proceeding as is shown in the present case.

It cannot be maintained that the return of the sheriff filed on the 14th of November was conclusive as to the execution of the writs of possession on the twenty-seventh of June. (*Browning* v. *Hanford*, 5 Denio, 586; *Baker* v. *McDuffie*, 23 Wend. 289; *Fitch* v. *Devlin*, 15 Barb. 47.)

In *Witbeck* v. *Van Rensselaer* (64 N. Y. 27), the court found as a conclusion of fact that the plaintiff had been put in possession under the writ, and this court held that the finding was sustained by the sheriff's return, together with the facts proved at the trial, which were that the sheriff went on the premises, accompanied by the agent for the assignee of the plaintiff in the ejectment; that the defendant was absent, and the only person in apparent possession was one Carver, the defendant's hired man ; that the sheriff demanded possession of him, and declared his intention of removing him. He occupied a small house on the farm, and on the demand being made, he signed a written surrender of the premises to the assignee of the plaintiff, and an acknowledgment that he held them as tenant at will of the assignee of the plaintiff. The sheriff and plaintiff's agent then went on various portions and lots of the farm, and the sheriff assumed to deliver possession thereof to the agent. This court in its opinion relied upon those facts, as

well as upon the return, to sustain the finding of the trial court. Here no such facts exist, and the finding shows that the plaintiff's assignee was never put in possession, but that, on the contrary, the assignee of the defendant was in the actual occupation, and so continued without being in any manner disturbed, or making any attornment.

Many other points were raised on this appeal. The complaint should not have been dismissed as to the five acres and seventeen rods in lot 101, and probably would not have been if the plaintiff had asked for judgment as to those five acres, which he did not do, and we do not, therefore, make that point a ground of reversal. The consideration of the numerous other points raised by the appellant is rendered unnecessary by the conclusion we have reached in respect to the execution of the writs of possession.

The judgment should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Judgment reversed.