WILLIAM DUFFUS, APPELLANT, *v.* ELI T. BANGS AND JANE E. BANGS, RESPONDENTS.

*Fixtures — nursery stock is severed from the freehold by the giving of a chattel mortgage thereon — the rights of a mortgagee are superior to the rights of a lessor under a lien reserved by the lease — the mortgagee is not bound by a judgment of dispossession against a tenant in proceedings to which he was not a party.*

By a lease bearing date September 16, 1876, the defendants demised certain premises to the firm of Will & Co., to be used as a nursery, for the term of five years, with a right to an extension for two or three years as to part of the land, reserving to the lessors a lien upon the growing crops, fruit and grain to be raised on the premises as security for the rent. On November 25, 1878, the tenants, then in possession of and owning the nursery stock, mortgaged the same to the plaintiff, to secure him against indorsements made for them, by a chattel mortgage, which was duly filed. In February, 1879, proceedings to

dispossess the tenants for non-payment of rent were instituted, and on March fifth a warrant was issued under a judgment recovered therein, which was never served upon the tenants. In April, 1879, the plaintiff foreclosed the chattel mortgage and bid in the property. Upon the refusal of the defendants, who were in possession of the premises, to allow him to remove the stock, he brought this action to recover the damages thereby sustained.

*Held,* that he was entitled to recover.

That the nursery stock was personal property, and that the chattel mortgage given by the tenant worked a severance of it from the real estate, causing the title to the property to vest absolutely in the plaintiff after a default.

That the defendants acquired no title to the property as against the plaintiff.

That the plaintiff's rights were not affected by the judgment and warrant, in the proceedings to disposses the tenant as he was not a party to the proceeding in which they were obtained, nor could they be affected by the voluntary act of the tenants in surrendering the possession of the property to the defendants.

APPEAL from a judgment in favor of the defendants entered upon a nonsuit at the Onondaga Circuit, ordered upon the trial of this action by the court without a jury.

The action was brought to recover the value of property consisting of trees, plants, shrubs and nursery stock, to which the plaintiff claimed title under a chattel mortgage given to him by the tenant in possession of the premises, by whom the said property was then owned. At the time of the execution of the chattel mortgage, and of the sale at which the plaintiff purchased the property, it was situated upon a farm leased to the mortgagors by the defendants, which contained a provision by which it was agreed that the lessors were to have a lien upon the growing crops, fruit and grain to be raised on said premises as security for said rent, except the annual picking of fruit and the first year's grain crop.

*Walter S. MacGregor,* for the appellant.

*Waters & McLennon,* for the respondents.

BOARDMAN, J.:

The nursery stock was personal property and not real estate. It consisted of trees, plants and shrubs planted by tenan for the purposes of trade, and to be removed and sold when ready for the market. (*King* v. *Wilcomb,* 7 Barb., 263; *Green* v. *Armstrong,* 1 Denio, 550; *Smith* v. *Jenks,* id. 580; S. C., *Jencks* v. *Smith,* 1 Comst., 90; *Hamilton* v. *Austin,* 36 Hun, 138, 142.) The tenants held by

.virtue of a lease from defendants under seal for a term of five years from September 16, 1876, with a right to an extension of two or three years on lands planted to currants and raspberries. The tenant owned as against the landlord raspberries, etc., planted under such lease. November 25, 1878, the tenants, then in possession of and so owning said nursery stock, mortgaged the same to the plaintiff to secure him against his indorsement of their notes for $600 due in about two months. The mortgage was duly filed. In February, 1879, proceedings were begun by defendant to dispossess the tenants for non-payment of rent due. After a contest possession was awarded the defendants and a warrant issued March 5, 1879, but never served upon the tenants. While the tenants were still in possession and about March 14, 1879, the plaintiff claimed the property under his chattel mortgage of defendant, Eli T. Bangs, who promised plaintiff that he might take up the property in the spring when the frost was out of the ground so it could be done. Plaintiff about the 1st of April, 1879, foreclosed his mortgage and bid in the property. When he went for the property the latter part of April the defendant refused to give it up. The respondents claim that the lease operated as a chattel mortgage in favor of defendants for any unpaid rents, but if so it was never filed, nor had plaintiff any notice of it. He was a mortgagee in good faith.

The chattel mortgage given by the tenants to plaintiff worked a severance from the real estate, and after default the absolute title became vested in plaintiff, who became entitled to enter upon the land and remove his personal property there being, with as little injury to the defendants as was possible. (*King* v. *Wilcomb, supra,* and other cases; *Wintermute* v. *Light,* 46 Barb., 278; *Bank of Lansingburgh* v. *Crary,* 1 id., 548.) The defendants had acquired no title to the property as against the plaintiff's superior title. It may have been otherwise in respect to the tenants whose rights of removal of the property may not have survived the existence of their lease. Whether such lease expired when the warrant for dispossession was issued may well be doubted. (*Powers* v. *Carpenter,* 15 N. Y. Weekly Dig., 155; further illustrated in *Newell* v. *Whigham,* 102 N. Y., 28.) But we think in no event ought such judgment and warrant to destroy the rights and title which the plaintiff in good faith had acquired in the mortgaged property. He

was not a party to that proceeding and was not bound by it. Now clearly he ought to have a reasonable time after such removal to enter up and take away the stock. (*Moore* v. *Wood*, 12 Abb. Pr., 393.) Nor could the tenants, by their voluntary act of surrender of possession, deprive plaintiff, as mortgagee, of his rights under his mortgage to this property. He could still enter and remove the mortgaged property. (*Ombony* v. *Jones*, 19 N. Y., 234; *London etc.*, *Loan Co.* v. *Drake*, 6 Com, Bench [N. S.], 796, 809.) We conclude that the nonsuit ought not to have been granted upon the facts shown.

The judgment must be reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and FOLLETT, J., concurred.

Judgment reversed and new trial ordered, with costs to abide the event.