DETERMINED IN THE

# FIFTH DEPARTMENT

AT

# GENERAL TERM,

## June, 1890.

PLINY T. SEXTON, as Survivor, etc., Plaintiff, *v.* HENRY BREESE, Defendant.

*Sale of crops — not affected by a prior mortgage of the land, and possession of the mortgagee thereunder, given subsequent to the sale and while the crops are unreaped.*

A mortgagor, who had given a mortgage upon a farm as a general continuing collateral security for obligations and liabilities to be incurred by him, the amount of such indebtedness being unliquidated, and no demand for its payment having been made, executed to the holder of the mortgage an instrument in writing, by which he authorized the latter to take possession of the farm and run the same, or any portion of it, as he saw fit, and after paying all expenses to apply the net income upon the indebtedness of the mortgagor to him, under which instrument the holder of the mortgage took possession of the mortgaged premises.

In the previous fall the mortgagor had sown a crop of wheat upon the mortgaged premises, and shortly prior to the execution of the instrument given to the mortgagee, as above stated, he sold the growing crop by a bill of sale, which in terms gave to the purchaser "full power, right, authority and license to enter upon said premises and secure and harvest the same."

*Held*, that the growing crop was a chattel and subject to be sold like other personal property.

That the holder of the mortgage, by taking possession of the farm under the consent of the mortgagor for the purpose stated in the agreement, acquired no title to the farm, nor did it change his relation as mortgagee thereto, nor affect the right of a previous purchaser of a crop thereon, nor give to the holder of the mortgage any right superior to that which the mortgagor himself had at the time he transferred the rents and profits to the mortgagee.

That, as the mortgage provided that it should become due one month after demand, and there was no evidence that any demand had ever been made, there was no question presented as to a forfeiture having already arisen at the time the mortgagee took possession of the farm.

EXCEPTIONS ordered to be heard in the first instance at the General Term, with a stay of proceedings upon the verdict in the meantime, after a trial before the court and a jury at the Wayne County Circuit, at which a verdict for seventy-five dollars was rendered in favor of the defendant, in whom the title to the property described in the complaint was found to be by the jury.

The action was brought to recover the possession of a quantity of wheat in the straw, which had been grown on about four acres of land, together with damages for the alleged unlawful detention thereof.

*Charles McLouth*, for the motion.

*Joseph Welling*, opposed.

DWIGHT, P. J.:

The action was replevin for a crop of wheat in the straw, of the value of seventy-five dollars.

The plaintiff was the holder of a mortgage on the farm of one Mumford, which had been given by the latter to the firm of Cuyler & Sexton, of which the plaintiff was the survivor, as a general continuing collateral security for obligations and liabilities to be incurred by the mortgagor, and which, by its terms, was to become due one month after demand.

At the time of the transactions, out of which this action grew, Mumford was largely indebted to the plaintiff on the security of the mortgage, the amount of such indebtedness being unliquidated, and no demand for its payment having been made.

On the 17th day of April, 1877, Mumford executed to the plaintiff an instrument in writing, by which he authorized the latter to take possession of the farm and rent the same or any portion of it as he should see fit, and, after paying all expenses, to apply the net income upon the indebtedness of Mumford; and accordingly, within a few days thereafter, the plaintiff took possession of the farm and put a man in charge for him.

In the previous fall Mumford had sowed the small crop of wheat in question, and on the 1st day of March, 1879, he sold the growing crop to the defendant by a bill of sale, which, in terms, gave to the latter "full power, right, authority and license to enter upon said premises and secure and harvest the same." When the wheat was ripe the defendant went onto the farm for the purpose of cutting it, claiming the right to do so under his bill of sale which he exhibited to the plaintiff. The latter denied his right; forbid his cutting the wheat and went on and cut it himself, leaving it in shocks on the field. Early the next morning the defendant went onto the field and drew away the crop, whereupon this action was brought to recover its possession.

There was evidence tending to show that, at the time the plaintiff took possession of the farm, he applied to the wife of Mumford, who was in the neighborhood, her husband having gone to the west, for the keys of the house on the farm, and, in answer to an inquiry on that subject, declared that his taking possession would have no effect upon the defendant's interest in the wheat; that he made no claim to the wheat, and that it belonged to the defendant. This evidence, being controverted, was submitted to the jury upon the question whether the plaintiff, by such declaration, as part of the *res gestœ*, qualified or limited his possession of the farm and excluded the wheat therefrom, and the jury found for the defendant upon the question so submitted.

We are inclined to think that the submission of that question to the jury was unnecessary, and that the defendant was entitled to a verdict on the principal question and on the undisputed evidence in the case.

The growing crop of wheat was a chattel and subject to sale like other personal property. (*Frank* v. *Harrington*, 36 Barb., 415; *Whipple* v. *Foot*, 2 Johns., 418; *Stewart* v. *Doughty*, 9 id., 112.) The plaintiff, by taking possession of the farm under the consent of the mortgagor, for the purpose stated in the agreement above mentioned, aquired no title to the farm. This he could do, in the absence of a conveyance, only by foreclosure of his mortgage. Until foreclosure, whether in or out of possession, he was a mortgagee merely, holding his mortgage as security for the payment of his debt. (*Packer* v. *Rochester and Syracuse R. R. Co.*, 17 N. Y., 283, 295; *Trimm* v. *Marsh*, 54 id , 599.)

The agreement under which the plaintiff went into possession did not purport to transfer to the plaintiff any title to the land, nor to change his relation thereto as mortgagee. On the contrary, it expressly recognized that relation as continuing, and gave to the plaintiff the right only to receive the rents and profits of the farm and apply them in reduction of the indebtedness secured by the mortgage ; and this attached only at the time of taking possession, or, at the most, at the date of the agreement under which possession was taken. It could not affect the right of a previous purchaser of a crop, nor give to the plaintiff any right superior to that which the mortgagor himself had at the time he transferred the rents and profits to the mortgagee.

We think the cases referred to by counsel for the plaintiff as authority for the proposition that a mortgagee in possession, after forfeiture, has all the rights of a purchaser at a sale on foreclosure, are not applicable to this case. In the first place, there seems to be a failure of proof to establish a forfeiture at the time the plaintiff took possession of the farm. The mortgage, as we have seen, was, by its terms, not enforcible until one month after demand of the amount due thereon. The only evidence of a demand of payment relates to a time shortly after the death of the plaintiff's partner, Mr. Cuyler, in July, 1876, when, as the plaintiff testifies, he had a talk with Mumford about settling and paying what he owed, with a view to closing up the partnership affairs, and he testified that he asked for payment of the mortgage at that time. There is nothing in the case to show what was due to the plaintiff at that time. The mortgage was a general continuing security for indebtedness to be incurred ; the amount and consideration of such indebtedness was changing from time to time, and the undisputed evidence, furnished by the statement rendered by the plaintiff to Mumford on the 1st of April, 1881, is to the effect that the whole of the indebtedness exist ing at the time possession was taken by the plaintiff had been incurred after the date of the demand, if such it was, in July, 1876, and for the payment of that indebtedness there is no evidence that any demand was ever made.

But, secondly, the plaintiff can claim nothing by virtue of his possession under the mortgage beyond what is declared by the instrument under which the possession was taken ; and this, as we have

seen, plainly excludes the theory of any acquisition of title to the mortgaged premises, and confines the mortgagee to the receipt of the rents and profits to apply on the indebtedness secured.

We think that, upon the grounds here considered, the defendant was entitled to the verdict taken at the circuit, and that the motion for a new trial should be denied.

CORLETT, J., concurred; MACOMBER, J., not sitting.

Motion for a new trial denied, with costs, and judgment ordered for the defendant on the verdict.