CHARLES FORBES, Appellee,

*against*

ARTHUR HAMILTON, Appellant.

*It is not necessary that there should be a note or memorandum in writing of a contract to cut down and clear away trees on the plaintiff's farm; for the 4th section of the act regulating the conveyances of real estate, and for the prevention of frauds therein, is confined to the transfer of real estate, and the words in this section, " or any interest therein, or concerning them," do not extend the statute to contracts respecting labour on lands.*

GENERAL *indebitatus assumpsit.*

The plaintiff declared, that the defendant, on the 1st of *January*, 1800, was indebted to him in the sum of 100 dollars for work and labour done at his special instance and request, on his farm in *Bridport*, &c.

Second count. Same sum for money had and received to the plaintiff's use.

General issue joined to the country.

The plaintiff offered to show in evidence, in support of the first count of his declaration, a *parol* contract made between the parties, by which the plaintiff was to cut down and clear away the trees standing and growing on a certain six acres of land, part and parcel of the defendant's farm.

Objected by the defendant's counsel, that the plaintiff cannot be admitted to show any *parol contract concerning lands*, but that the statute of frauds, as relative to lands, had made it necessary that the contract should be in *writing*.

*Vermont Stat. vol. 1. p. 189.*

He read the 4th section of the " act regulating the conveyances of real estates, and for the prevention of frauds therein"—" that no action shall be maintained upon any agreement hereafter to be made for the sale of lands, tenements or hereditaments, or any interests therein, *or concerning them;* unless the agreement upon which such action shall be brought,

or some memorandum thereof, be in writing and signed by the parties to be charged therewith, or signed by some other person thereunto lawfully authorized, by writing;" and insisted, that although the title of the act might seem to restrict its operation to contracts by which real estate is conveyed, yet the expression in the section cited, " *or concerning them,*" extended the purview of the act to all agreements any ways relating to land.

*Sed per Curiam.* The object of the act is set forth in the preamble, and is too plain to admit of argument. " Whereas it is necessary, to prevent uncertainty, fraud and perjury, *in transferring real estates,* that a mode therefore should be established, easy, certain and notorious, therefore," &c. And this object is not extended by the expression relied upon, " No action shall be maintained upon any agreement hereafter to be made for the sale of lands, &c. or *any interest therein, or concerning them;*" that is, concerning the sale of lands, or any interest therein, which includes the various tenures by which lands may be holden. In which cases some memorandum, as described in the act, must be made, or an action cannot be maintained on the agreement. To give the act the construction contended for, would be to destroy the right of recovery of almost every labourer at harvesting or mowing, &c. which generally and almost universally rest on parol contracts.

Let the evidence be admitted.

*Amos Marsh,* for the plaintiff.
—— ——, for defendant.