Sanders v. Clark.

---

## SANDERS v. CLARK.

1. New trial: DISCRETION. The action of the court below in granting a new trial, will not be disturbed unless it appears that there was some abuse of discretion.

2. Contract: FOR REMOVAL OF STANDING TIMBER. A purchaser of standing timber, uuder contract that it is to be taken off within a fixed and certain time, acquires only a right of entry on the land for that purpose and during that time. If the timber is not removed within such time, the rights of the purchaser are concluded, and he cannot enter thereafter.

3. —— SEMBLE. That a court of equity might afford relief and extend the time, if equitable grounds of excuse for not removing the timber within time were shown. But the fact that the purchaser entered the military service after the execution of the contract, does not constitute such grounds.

*Appeal from Johnson District Court.*

TUESDAY, JUNE 11.

ON the 11th day of November, 1861, Adda Lucas and Mavor Sanders sold to defendant all the down and standing timber on N. E. ¼, Sec. 14, T. 80, R. 6 W., except such as should be eight inches in circumference at the base of the tree; also excepting therefrom the timber standing upon certain portions of said tract therein described; they further sold a steam saw-mill and the fixtures connected therewith for convenience and use, all for the consideration of $1,500 — the timber to be removed by the 1st of April, 1864, and the saw-mill in one year thereafter. Sanders being possessed of Lucas' interest in said contract by assignment, brings this suit to recover four hundred dollars, the alleged balance due on the same. Several defenses were pleaded; to the third and fourth of which a demurrer was sustained, to which defendant excepts; cause tried to the court; judgment for plaintiff. Afterward, upon motion, a new trial was granted, and plaintiff excepts. Both parties appeal.

*Edmonds & Ransom* for the appellant.

I. Defendant being the absolute owner of the timber, his right to the same was not forfeited by his failure to remove it within the time specified, as it was not expressly stipulated that the condition of the sale or title depended upon a removal within such time.

II. But conceding, for the sake of the argument, that the sale to defendant was conditional, and that a court of law will not relieve against a breach of condition, nor restore the consideration paid by the party; yet, on the other hand, it is held by courts that go farthest in that

direction, that the grantor, who claims advantage of such breach, cannot recover the balance of the price. *Frost* v. *Frost*, 2 Fairf. (Me.), 235.

*Fairall & Boal*, for the appellee, cited *Merrifield* v. *Reed*, 10 Met., 155; *Pease* v. *Gibson*, 6 Greenl. 81; *Howard* v. *Lincoln*, 13 Maine (1 Shepley), 122; *McIntyre* v. *Rurnard*, 1 Sandford Ch., 55.

Lowe, Ch. J.—The appeal of neither can be sustained. The plaintiff complains that a new trial was granted.

1. NEW TRIAL: discretion. This was done upon the first and second grounds, stated in defendant's motion, namely: that he had, by accident, been prevented from interposing a good defense which existed in his favor, which ordinary prudence could not have guarded against; and, secondly, for newly discovered evidence. These causes were very fairly supported by the affidavit of the defendant, whose statement of facts therein was both pertinent and particular, authorizing, so far we can discover, the inference that there was no abuse of discretion in granting the new trial.

The point made by the defendant in his appeal is, that the court improperly sustained a demurrer to his third and fourth pleas. The third plea, in substance, is about this: that on account of entering the military service of the country the defendant failed to remove and possess himself of some $450 worth of timber, which he had purchased within the time limited by the contract; that, since his military discharge, the plaintiff refuses to allow him to remove the timber in question, and, to the amount above specified, there has been a failure of consideration in the contract upon which the plaintiff sued.

The fourth plea sets up a counter claim of $450, being the alleged value of a portion of timber which he had purchased of plaintiff, but which he had failed to remove

from the land within the time limited by the contract, on account of the fact that he, the defendant, was in the military service of the country, and for the reason of its non-removal at the time specified the plaintiff had appropriated it to his own use, etc.

The excuse which the defendant offers for the non-observance of the covenants of his contract is not one which the law will accept. We can imagine no good reason why the defendant in entering the military service could not have made provisions for carrying out the engagements under his contract.

In contracts for the sale of standing timber to be taken off in a given time, the purchaser takes no beneficial

2. CONTRACT: for removal of standing timber.

interest in the land itself. He only acquires a right of entry on the land, during the time, and only during the time, specified in the contract for cutting and carrying away the timber. An entry after that time would be a trespass, because it would be inconsistent with the free use and possession of the land by the owner. He had only agreed to be disturbed in the enjoyment of his freehold for a stipulated period; as, therefore, the right of entry terminates with the time limited in the contract for the removal of the timber, it follows that time in contracts of this nature necessarily enters into and forms a part of the consideration of the same, and when it runs out, the rights of the purchaser are concluded.

These principles will be supported by those laid down in the cases of *Reed* v. *Merrifield*, 10 Met., 155; *Pease* v. *Gibson*, 6 Greenl., 81; *Gilmore* v. *Wilber*, 12 Pick., 120.

We would not say that a case might not arise, attended with such equitable grounds of excuse for not removing the timber within the stipulated time, as that a court of equity would afford relief and reasonably extend the time for the execution of the contract in cases of this

kind. For instance, if the removal of the timber was prevented or delayed by an unjustifiable interference of the vendor, he should not be allowed to reap any advantage from his own wrong. But we have no such case before us now, and we will affirm the judgment at the equal expense of both parties.

Affirmed.