DANIEL B. KILLMORE, Respondent, *v.* ALFRED A. HOWLETT, Appellant.

A contract to cut trees standing upon the contractor's land into cord-wood and to deliver the wood at so much per cord, is not a contract for the sale of an interest in lands, and a writing is not necessary to give it validity.

(Argued January 9, 1872; decided May term, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial district, entered upon an order denying motion for a new trial and directing judgment for plaintiff upon a verdict.

This action was brought to recover damages for the breach of a parol contract. In January, 1864, the defendant being the owner of about eighteen acres of wood-land in that county, entered into a parol agreement with the plaintiff, by which the defendant agreed, in consideration that the plaintiff would pay him therefor five dollars per cord, to commence at once and cut the trees then standing and growing on said lot into cord-wood, and deliver the same to the plaintiff at his wood yard in Syracuse; the defendant, in pursuance of and in part performance of the agreement, cut and delivered to the plaintiff sixty cords, for which the plaintiff paid him the price agreed upon; the defendant cut, in all, out of the trees standing and growing on the lot, one hundred and sixty-seven cords, the price of which having advanced from five to seven or eight dollars per cord, he refused to deliver to the plaintiff the balance. Defendant moved for a non-suit upon the ground that the agreement was for the sale of an interest in real estate and being by parol was void; the motion was denied and the defendant excepted. The jury rendered a verdict in favor of the plaintiff for $428.42 damages; judgment upon the verdict was stayed, pending a motion for a new trial ordered to be heard in the first instance at General Term, when judgment was ordered and entered for the plaintiff on the verdict.

*G. N. Kennedy* for the appellant.   A contract for the sale of standing timber is a contract for the sale of an interest in land.   (*Bennett* v. *Scutt*, 18 Barb., 347 ; *Green* v. *Armstrong*, 1 Denio, 550 ; *Bank of Lansingburgh* v. *Crary*, 1 Barb., 542 ; *Warren* v. *Leland*, 2 Barb., 613 ; *McGregor* v. *Brown*, 6 Seld., 114 ; *Pierpoint* v. *Barnard*, 5 Barb., 364 ; Brown on Frauds, § 252 ; *Daniel* v. *Ferguson*, 1 Hayes, 540 ; *Westbrook* v. *Eager*, 1 Har., 81 ; *Buck* v. *Pickwell*, 1 Williams, 157.)   It does not affect the question that the parties contemplated a severance of the timber by defendant.   (*Green* v. *Armstrong*, 1 Denio, 555 ; *Frank* v. *Harrington*, 36 Barb., 415.)   That a part of the wood was delivered does not affect the validity of the contract.   (*Baldwin* v. *Palmer*, 10 N. Y., 232 ; *Thayer* v. *Rock*, 13 Wend., 53.)

*D. Pratt* for the respondent.   The contract was not for the sale of an interest in lands.   (2 Pars. on Con., 312, 313, and note ; *Whitemarsh* v. *Walker*, 1 Mees., 313 ; *Nettleton* v. *Sykes*, 8 id., 34 ; *Sainsbury* v. *Matthews*, 4 Mees. & W., 347 ; *Smith* v. *Surnam*, 9 B. & C., 561 ; *Evans* v. *Roberts* 4 id., 829.)

GRAY, C.   If the standing trees upon the lot, which by the contract were to have been cut by the defendant and made into cord-wood, and delivered by him to the plaintiff at Syracuse, had, instead of the wood to be made therefrom, been sold in their standing condition, "rooted in the soil," the right of the plaintiff to enter and fell them, and make them into wood, would have been a sale of an interest in the land, and without being evidenced by writing would have been void.   (*Green* v. *Armstrong*, 1 Denio, 550, 553 *et seq*.)   This was not a sale of the trees in their standing condition, but rather a contract by the defendant to bestow work and labor upon his own material, and deliver it in its improved condition to the plaintiff.   In a similar case, LITTLEDALE, J., in *Smith* v. *Surnam* (9 B. & C., 561, 566) held it not to be the intention to give the vendee any property in the trees until

they were severed from the freehold. Apply the rule contended for by the defendant, and a writing would be indispensable to the validity of a contract by the owner of a peat bed or a sandbank to deliver a load from it. Such contracts are never regarded as carrying an interest in the real estate from which the thing sold was to be taken by the owner. The judgment should be affirmed.

All concur.