## AURILLA SCALES v. ANDREW WILEY.

### OCTOBER TERM, 1895.

*Statute of frauds.    Contract to erect building.    Fraudulent representation.    No recovery for, as to defect which is seen.*

1.   A contract to take down a building standing upon the land of the plaintiff and re-erect the frame upon the land of the defendant, is not within the statute of frauds as the sale of an interest in land or of goods of the value of more than forty dollars.

2.   A vendor is not liable for a fraudulent representation or false warranty as to a defect which the vendee can and does see at the time of the sale.

General and special assumpsit. Plea, the general issue. Trial by jury at the May term, 1895, Windsor county. Verdict and judgment for the plaintiff. The defendant excepts.

It appeared that the plaintiff owned a barn standing upon her land, and that she and the defendant entered into an agreement by which the plaintiff was to take it down and re-

erect the frame upon the land of the defendant for $75, the defendant to draw the frame from her land to his and to furnish what new timber might be necessary. The plaintiff did take down the barn, but the defendant refused to proceed with the contract upon the ground that the timber was rotten and worthless. The evidence of the defendant tended to show that the plaintiff falsely represented the condition of the frame and warranted it to be sound; that of the plaintiff, that the defendant, before the contract, examined it and saw its condition as it actually was. The court instructed the jury that if the defendant inspected the barn and saw the alleged defects before he made the agreement, he could not avail himself of any fraudulent representation or false warranty in that respect.

The defendant also claimed that the contract was within the statute of frauds either as a contract for the sale of an interest in land, or for the sale of goods of the value of more than $40, and excepted to the refusal of the court to so hold.

*G. A. Davis, M. S. Peck* and *S. E. Emery* for the defendant.

The contract was within the statute. *Chatterton* v. *Saul*, 16 Ill. 149; *Ogden* v. *Stock*, 34 Ill. 522; *Buck* v. *Pickwell*, 27 Vt. 157; *Downs* v. *Ross*, 23 Wend. 270; *Landon* v. *Platt*, 34 Conn. 517; *Gibbs* v. *Estey*, 15 Gray 587; *Cook* v. *Toombs*, 2 Anst. 420; *Lea* v. *Barber*, 2 Anst. 425; *Thayer* v. *Rock*, 13 Wend. 53; *Chater* v. *Becket*, 7 T. R. 204; *Crawford* v. *Morrell*, 8 Johns. R. 256; *Ide & Smith* v. *Stanton*, 15 Vt. 685; *Ellison & Burnett* v. *Brigham*, 38 Vt. 684; *Harmon* v. *Reeve*, 25 L. J. R. (C. P.) 257.

*W. W. Stickney* and *J. G. Sargent* for the plaintiff.

This was a contract for work, labor and materials and not within the statute. *Lee* v. *Griffith*, 1 B. & S. 272; 1 Chit. Con. 616; *Cotterell* v. *Apsey*, 6 Taunt. 322; *Long* v.

*White*, 42 Ohio St. 59; *Shaw* v. *Carbrey*, 13 Allen 462; *Bostwick* v. *Leach*, 3 Day 476; *Forbes* v. *Hamilton*, 2 Tyler 356; *Frear* v. *Hardenburg*, 5 Johns. 272; *Lower* v. *Winter*, 7 Cowen 263; *Sutton* v. *Sears*, 10 Ind. 223; Benj. Sales 108; *Courtright* v. *Stewart*, 19 Barb. 455.

TYLER, J.   The special count alleges that the plaintiff sustained damages by reason of the non-performance by the defendant of a contract by which the plaintiff was to erect a barn frame on the defendant's land, which contract the defendant prevented the plaintiff from completing, by not removing the timber to his premises as he had agreed, and refusing to proceed with the contract after the plaintiff had provided labor and materials according to her agreement.

The plaintiff's evidence tended to show that in the year 1893 she owned a barn, situated upon her premises, which the defendant wished to purchase; that the plaintiff was to take the barn down, the defendant to draw it to his premises, the plaintiff's son to re-erect it upon the defendant's land, the defendant furnishing such new timber as should be required and pay the plaintiff $75.

It clearly was not a contract for the sale of land or of any interest therein.   While the building, as it stood on the plaintiff's land, was a part of the realty, by the contract it was to be taken down and the timber piled up ready for removal so that it was to be changed from real to personal estate before anything was to be done by the defendant.

It was not a contract for the sale of personal property. If the contract had been that the defendant should pay a certain price for the timber when the building was taken down, it would have been a contract for the sale of personal property; but it was not intended that the title should pass until the building should be re-erected.   No act was required of the defendant except to move the old timber and furnish whatever new timber was required.

The general rule is stated in Benj. on Sales s. 116:

"Things attached to the soil are not goods, though when severed from it they are. Thus, growing trees are part of the land, but the cut logs are goods. Bricks and stones, which are goods, cease to be so when built into a wall, they become a part of the soil."

In s. 117 :

"It seems pretty plain upon principle, that an agreement to transfer the property in something that is attached to the soil at the time of the agreement, but which is to be severed from the soil and converted into goods before the property is to be transferred, is an agreement for the sale of goods within the meaning of the statute. The agreement is, that the thing shall be rendered into goods, and then in that state sold. It is an executory agreement for the sale of goods not existing, in that capacity, at the time of the contract. And when the agreement is, that the property is to be transferred before the thing is severed, it seems clear enough that it is *not* a contract for the sale of goods ; it is a contract for a sale, but the thing sold is not goods. If this be the principle, the true subject of inquiry in each case is, 'When do the parties intend that the property is to pass?'"

*Clark* v. *Bulmer*, 11 M. & W. 243, was indebitatus assumpsit for the price and value of a main engine and other goods sold and delivered. It appeared that the contract was to build an engine for a certain price, to be completed and fixed by a certain time ; that the different parts were constructed at the plaintiff's manufactory and sent in parts at different times to the defendant's works, where they were fixed piecemeal, and so made into an engine. The court said :

"The engine was not contracted for to be delivered, or delivered, as an engine in its complete state, and afterwards affixed to the freehold ; there was no sale of it as an entire chattel, and delivery in that character ; and, therefore, it could not be treated as an engine sold and delivered. Nor could the different parts of it which were used in the construction, and from time to time fixed to the freehold and therefore became parts of it, be deemed goods sold and delivered, for there was no contract for the sale of them as movable goods ; the contract was, in effect, that the

plaintiff was to select materials, make them into parts of an engine, carry them to a particular place, and put them together and fix part to the soil, and so convert them into a fixed engine on the land itself.   The cases of *Cotterell* v. *Apsley* and *Tripp* v. *Armitage*, are authorities that materials used, or intended to be used, in the construction of a fixed building, cannot be deemed goods sold and delivered, and there is no difference between the erection of this sort of fixture and any other building."

In Benj. on Sales, s. 108, it is said :

"Where a contract is made for furnishing a machine or a movable thing of any kind, *and fixing it to the freehold*, it is not a contract for the sale of goods.   In such contracts the intention is plainly not to make a sale of movables, but to make improvements on the real property, and the consideration to be paid to the workman is not for a transfer of chattels, but for work and labor done and materials furnished in adding something to the land."

The case at bar falls clearly within this definition.

In *Ellison et al.* v. *Brigham*, 38 Vt. 64, upon which the defendant's counsel relies, the contract was that the defendant should cut into logs all the butternut trees then standing on his own farm, that were suitable for logs, and deliver them, with a few logs that were cut, to the plaintiffs at a certain mill, for an agreed price ; *held*, that this was a contract within the statute.   It was clearly a contract relating to an interest in land within the above rule laid down in Benjamin.

The defendant's five requests for instructions to the jury were properly denied for the reasons above stated.

There was no error in the instruction given, which was in substance that the defendant could not assert a claim for defects in the barn which he saw and knew existed.

*Judgment affirmed.*