CASE 97—ACTION ON CONTRACT—JUNE 6.

## Tilford, Etc. v. Dotson.

APPEAL FROM BREATHITT CIRCUIT COURT.

1. VENUE—ACTION UNDER CONTRACT FOR TIMBER.—An action to re-cover the contract price for timber cut and hauled, may be brought in any county where the defendant is served with pro-cess and the court may decree a sale of such timber as is found in that county.

2. SAME.—In such an action the court to enforce the plaintiff's lien may decree a sale of identified trees embraced by said contract

Tilford, &c., v. Dotson.

standing in counties other than that in which the action is brought—such trees being personalty and not realty.

3. INTEREST—ESTIMATE OF.—The terms of the contract fixing the liability of appellant to deliver one hundred trees every thirty days on the banks of the floating water, whether there was sufficient water to float them to the railroad or not, fixes the time for the delivery of the timber and it was proper for the lower court to make the payments bear interest upon that basis.

STONE & SUDDUTH AND ALEX. G. BARRETT FOR APPELLANTS.

1. The petition together with the contract filed with it shows on its face that the plaintiffs are at most entitled to recover $3,000 only, with interest, whereas a judgment was obtained for $13,338 with interest. The defendants were not required to pay for the logs every thirty days unless the terms upon which they were delivered would carry them to a railroad.

2. Even construing the contract as the petition interprets it, the judgment is incorrect in the matter of interest.

JOHN C. MILLER ALSO FOR THE APPELLANT. (Brief not in the record.)

BECKNER & JOUETT IN A BRIEF AND SUPPLEMENTAL BRIEF FOR THE APPELLEES.

1. The issues in this case are purely legal, the foreclosure of the lien alone requiring the action to be in equity. There applies then the rule of appellate practice, so well settled by repeated adjudications of this court, that the chancellor's finding will not be reversed unless palpably against the weight of the evidence. Fraley v. Peters, 12 Bush, 471; Judge v. Braswell, 13 Id., 73; Williams v. Rogers, 14 Id., 781; Campbell v. C. S. R. R. Co., 9 Ky. Law Rep., 799; Cox v. Reid, 10 Id., 565; Anderson v. Winfree, 85 Ky., 613; Bell v. Wood, 87 Ky., 59; Fuqua v. Fuqua, 13 Ky. Law Rep., 130; Davezac v. Seiler, 93 Ky., 421; Lou., &c., Ry. Co. v. Taylor, 96 Ky., 248.

2. The rule of construction to which all others are subordinate is to ascertain and follow the intention of the parties. McGrath's Admr. v. Grinstead's Assignee, 9 Ky. Law Rep., 375; Thompson v. Thompson, 2 B. M., 166; Schultz v. Johnson, 5 B. M., 499. And this intention is to be gathered from the entire instrument, not from disjointed or particular portions of it. Smith on Contracts, p. 542; Parsons on Contracts, vol. 2, p. 502; White v. Booker, 4 Met., 268; Foster v. Pettibone, 57 Am. Dec., 530; Stewart v. Preston, 44 Am. Dec., 621.

3. Constructions leading to absurdities, or which render portions of the contract nugatory or unreasonable should not be adopted.

Sheffler v. Nadelhoffer, 23 Am. St. Rep., 626; Cravens v. Eagle Cotton Mills, 16 Id., 298; Dederick v. Wolfe, 24 Id., 283; Hughes v. Lane, 50 Am. Dec., 436; Thrall v. Newell, 47 Id., 682.

4. Unless the clear intention of the parties manifestly demands it, a contract should not be so construed as to give one of the parties an unfair or unreasonable advantage over the other. Russell v. Allerton, 108 N. Y., 288; Wilson v. Morlon, 66 Ill., 385; Royalton v. Turnpike Co., 14 Vt., 311; Beckford v. Cooper, 41 Pa. St., 142; Gale v. Dean, 20 Ill., 320; Crabtree v. Hogenbaugh, 25 Ill., 233.

5. Contract should be construed most strongly against party who stipulates payment of debt or undertakes an obligation; in other words, where the meaning is doubtful, that construction should be adopted which is most beneficial to promisee. Evans v. Sanders, 33 Am. Dec., 297; Hoffman v. Aetna Ins. Co., 88 Am. Dec., 337; Paul v. Traveler's Ins. Co., 8 Am. St. Rep., 758; Wyatt v. Larimer, &c., Ins. Co., 36 Id., 280.

6. A circuit court, having acquired jurisdiction of the defendant's person and the main controversy, can sell land in another county as incidental relief. Doty v. Deposit Bldg. & L. Assn., 20 Ky., Law Rep., 627; Webb v. Wright, 2 Bush, 126; Fishback v. Green, &c., 87 Ky., 107; Caufman v. Sayre, 2 B. M., 202.

7. Standing trees sold in contemplation of their speedy separation from the soil are personalty. Cain v. McGuire, 13 B. M., 274; Byassee v. Reese, 4 Met., 372; Cardwell v. Atwater, &c., 15 Ky. Law Rep., 572; Asher Lumber Co. v. B. F. French, 18 Ky. Law Rep., 683.

8. The mere allegation of "no title" in vendor, unaccompanied by false representations or fraud, does not show a breach of the covenant of special warranty. Ky. Stats., sec. 493.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

This action was brought by appellee, Dotson, in the Breathitt circuit court, to recover of appellants $15,000, balance alleged to be due for walnut trees sold to them, and to enforce a vendor's lien retained on the trees, logs, and lumber therefrom. Some of the logs and lumber were in Breathitt county, and personal service was had in Breathitt county.

At the time of the contract neither appellee nor appellants resided or were in Kentucky, and the trees were standing in the counties of Pike, Knott, Letcher, Perry, and Leslie.

The trees were all marked, and the written contract of sale describes them so that they may be found. The contract provides for the sale of some 2,000 trees, any loss to be deducted, at the price of ten dollars per tree. A cash consideration of $5,000 was paid, and for the balance the contract provides: "And it is agreed and understood by and between the parties hereto that the said second parties [appellants] are to cut at the rate of one hundred trees and deliver the same on the banks of floating water every thirty days from this date, and are to float the same to some point of the railroad, and as soon as said logs can be floated and delivered to a line of railroad, they are to be paid for at the rate of ten dollars per tree for every lot of one hundred trees delivered as aforesaid; and if the second parties [appellants] shall at any time fail to cut and deliver on floating water as many as one hundred trees within every thirty days from this date, except as to the first one hundred trees to be delivered under this contract, then the said second parties are to pay the said first party at the expiration of the said thirty days the same sum as if the said hundred trees required to be delivered on floating water had been delivered on a line of railroad, unless they are prevented from so delivering by reason of the fact that the said streams will not float said logs."

This contract was made January 16, 1894, and this action was filed May 10, 1895.

It was alleged that, although all the trees had not been cut and delivered as the contract provided, yet the appellants were at fault for this not having been done, as sufficient water had been in the streams to float same as was contemplated.

There was no attachment, but the action sought a judg-

ment for the balance due, and for a decree of foreclosure of the vendor's lien on the trees and logs, giving full description.

There was a special demurrer to the jurisdiction of the Breathitt Circuit Court, which was overruled and exceptions reserved.

The answer presents the defense of no title to many of the trees, destruction of others of the trees, and a claim for rebate or deduction on that account, and a denial that there is due appellee anything according to the contract; denying that the trees had been cut and delivered, or that there was floating water sufficient to have carried them if cut and on the banks of the streams; also, pleaded several suits whereby they were prevented from removing trees embraced in the contract; also, pleaded a counterclaim for damages by reason of the fact, as alleged, that the trees in the contract are not the trees actually shown appellants before it was made, and are worth much less in value; and for this difference in value damages were sought. Upon these questions issues were formed, and much proof was taken. During the progress of the case, by an agreement, two persons were selected by the parties to take the contract, and go and find the trees called for, and measure them, and ascertain the number in existence, or that had been cut by appellants, and to report to court. These persons filed a report, and to this report exceptions were filed by appellants.

On hearing before the court, the exceptions filed to the report as to the number of trees was overruled, and the court found that the total number of trees, as embraced in the contract, including 105 supplied in lieu of others, was 1,838 trees, and gave judgment for $18,380, less the $5,000 cash payment; also, found that there were seventy-three

defective trees, not included in the contract, but which were cut and taken by appellants, and of the value of $225.

In rendering judgment, interest was allowed on $3,000 from March 13, 1896, and interest on $1,000 from each of the months of July, August, September, October, November and December, 1894, and from January, February and March, 1895, and on the balance, $380, from April, 1895, and on $225 from March 13, 1896. The court also decreed a sale of the trees and logs to satisfy the judgment, and from that judgment this appeal is prosecuted.

It is seriously insisted by counsel for appellants that the Breathitt circuit court did not have jurisdiction of the action, and that the special demurrer should have been sustained.

Counsel urges that the action, being in equity to enforce a vendor's lien on standing trees, duly marked, and to be removed in the immediate future, was an action for the sale of real property under lien, and is governed by section 62, subsection 3, Civil Code, providing that such actions must be brought, except for debts of decedents, in the county in which the subject of the action, or some part thereof, is situated; that the only part of the property sought to be subjected that was in Breathitt county was the logs that had been cut and removed—personalty.

We are of opinion that the Breathitt Circuit Court, upon service of process in that county, had jurisdiction of the person of the appellants, to render a personal judgment for the amount found to be due, and to decree a sale of such logs—personalty—as were found in that county. This proposition can hardly be questioned. This would be true although it were sought to subject realty in other counties, also, to the payment of the debt.

We are also of the opinion that the court had jurisdic-

tion to decree a sale of the trees embraced in this contract standing in the counties of Leslie, Perry, Letcher, and Pike. We do not assent to the proposition that standing trees, marked and designated and sold in contemplation of immediate severance from the soil, are realty. In our opinion, these trees embraced by this contract are personalty.

In the case of Cain v. McGuire, 13 B. Mon., 341, and the case of Byassee v. Reese, 4 Metc. (Ky.), 372, [83 Am. Dec., 481], this question was expressly determined. In the latter case the court said: "The first question is whether or not a sale of standing trees is embraced by that provision of the statute of frauds which relates to contracts for the sale of land. This question has produced some conflict of opinion. But, according to the weight of authority, a sale of standing trees, in contemplation of their immediate separation from the soil by either the vendor or vendee, is a constructive severance of them, and they pass as chattels, and consequently the contract of sale is not embraced by the statute."

In the subsequent case of Moss v. Meshew, 8 Bush, 187, this court, construing the case of Byassee v. Reese, said: "The court says that a sale of standing trees, in contemplation of immediate separation from the soil, is a constructive severance of them, and they pass as chattels. As the title to trees standing upon land and sold in this way vests in the purchaser, as in the sale of any other personal chattel, this contract relied upon by the appellee as a defense must be regulated and determined by the well-established principles of law applicable to the sale and delivery of personal property."

These authorities were followed by the Superior Court in the case of Cardwell v. Atwater, 15 Ky. Law Rep., 570.

It may be, as counsel contends, that the weight

of authority outside of this State is against this view; but we consider the question well settled in this State, and we would not feel authorized to disturb this rule at this day, if we differed from the opinions above. The fact that the contract of sale is made in the form of a deed signed by appellee and wife does not change the character of the property from personalty into realty, no more than the fact that appellants did not have the contract recorded as a deed change or affect the character of the property.

From the proof and report of the two disinterested persons who went on the ground and measured the trees and counted the number, we are of opinion that the judgment of the lower court as to the number of trees embraced in the contract (1,838) is correct.

We are also of opinion from the proof that the amount found as the value of the seventy-three defective trees ($225) is not error.

We are also of opinion that by the terms of the contract the appellants were bound to cut and deliver on the bank of floating water 100 trees every thirty days; this to be done regardless of whether there was sufficient water to float them to a railroad or not. The purchase price was not to be paid till the logs were floated to a railroad, unless these appellants delayed the floating when there was sufficient water.

The lower court, taking this view of the contract fixed the dates from which the several deferred payments of $1,000 each should bear interest. As to these findings there is no error.

We are also of opinion that there was no failure of title as to the 1,838 trees, and the judgment of the court on this question was for the number of trees

actually in existence, and those theretofore cut by appellants and embraced by the contract, at the contract price of ten dollars per tree.

Finding no error, the judgment is affirmed.