A. A. MILLER et al., Appellants, v. FRED DAVIS, Appellee.

FRAUDS, STATUTE OF: Growing Timber. An oral contract to cut and saw certain growing timber, and to cut and haul certain other timber, all for a compensation of one half the price obtained for the lumber and logs, is not within the statute of frauds. (Sec. 4625, Par. 4, Code, 1897.)

*Appeal from Mills District Court.*—J. B. ROCKAFELLOW, Judge.

DECEMBER 15, 1919.

THE petition, as amended, alleged that plaintiffs, in the fall of 1916, entered into an oral contract with the defendant,—who is owner of a large tract of land on which all

cottonwood, elm, and other trees of sufficient size were to
be sawed for lumber, except walnut trees, which were to
be either sawed into lumber or sold in the log, to the best
advantage to the parties,—by the terms of which plaintiffs
were to cut and haul the logs to the saw mill, when cut,
and saw the same into lumber, except as above stated, and,
as compensation for so doing, were to receive one half of the
sale price of said lumber; that plaintiffs entered on said
premises in the spring of 1917, cut and hauled cottonwood
logs, and sawed same into lumber, and then, upon request
of defendant, postponed work until the early fall; that,
when they resumed work again, defendant refused to allow
them to proceed with their work, and had, in the mean-
time, been cutting and hauling walnut logs to the market.
Plaintiffs also alleged that, in pursuance of said oral agree-
ment, and with defendant's acquiescence and consent, they
entered upon said premises and erected a home, or camp, for
themselves and their help, and started work under said con-
tract, and secured a saw mill to come on said premises, and
operated the same thereon until 60,000 feet of lumber was
sawed. The petition then stated the number of feet of the
different kinds of timber suitable to saw for the market,
remaining on the tract of land; that, "by reason of the re-
fusal of the defendant to allow these plaintiffs to carry out
the terms of their said contract, and because of the refusal
and denial of the defendant to allow the plaintiffs to do
said work, they have been damaged in the sum of $1,914.61
for which amount they ask judgment; together with interest
and costs." To the petition, as amended, the defendant in-
terposed a demurrer, in four paragraphs: (1) The oral con-
tract "was made with reference to, and concerned only grow-
ing trees which were standing on the land owned by the
defendant;" (2) the timber was growing, and constituted a
part of the land, and the alleged contract was within the
statute of frauds; (3) the alleged contract was executory,

and no part of the property was delivered in pursuance thereof, and no part of the price paid; and (4) the action is to recover one half of the value of the growing trees, which were the subject of the oral contract. The demurrer was sustained, and, as plaintiffs elected to stand on the ruling, the petition was dismissed. The plaintiffs appeal.— *Reversed.*

*Genung & Genung,* for appellants.

*Cook, Cook & Cook* and *W. S. Lewis,* for appellee.

LADD, C. J.—The oral contract, alleged in the petition as amended, was not for the purchase of timber growing on defendant's land, as seems to have been assumed in the demurrer, but for labor to be performed in cutting, hauling, and sawing the same. The compensation to be paid was to be measured by the price to be received for the lumber, after being sawed, and the walnut logs, which could be disposed of to better advantage as logs. That an executory oral contract for the sale of standing or growing timber is a contract for an interest in land, cannot well be questioned. *Garner v. Mahoney,* 115 Iowa 356. The distinction between such an agreement and one for the preparation of such timber for the market, is plain. Both concern standing timber, but one is for the sale thereof, attached to the soil, and the other is for the labor in severing from the soil, and work on the felled trees. The price contracted was for: (1) Severing the trees from the soil; (2) hauling them to the saw mill; and (3) sawing all but those walnut logs for which a better price might be obtained than when sawed. Plaintiffs were not to acquire the trees when growing nor the lumber when sawed, nor when in logs. Their sole compensation—all they were to receive for what they did—was one half of the sale price. As well say that a laborer who is employed to help harvest grain or mow hay in the field may not collect compensation for what he

does, for that an interest in land is involved! In *Sanders v. Clark,* 22 Iowa 275, this court ruled that, "In contracts for the sale of standing timber, to be taken off in a given time, the purchaser takes no beneficial interest in the land itself." Sales of growing trees, to be cut, and removed immediately by the vendee, are held in many jurisdictions not to constitute sales of interests in land, within the meaning of the statute of frauds. *Erskine v. Plummer,* 7 Me. *447; *Robbins v. Farwell,* 193 Pa. St. 37 (44 Atl. 260) ; *Tilford v. Dotson,* 106 Ky. 755 (51 S. W. 583) ; *Leonard v. Medford,* 85 Md. 666 (37 Atl. 365) ; *Emerson v. Shores,* 95 Me. 237 (49 Atl. 1051). This conclusion would seem necessarily to follow the decision in *Sanders v. Clark,* supra. In the case at bar, there was no purchase of the growing timber, or even of lumber or logs when cut. It was merely a contract of hire. The compensation was for labor performed, and one half of the price to be obtained was the measure of such compensation. In *Ives v. Railroad,* 142 N. C. 131 (9 Am. & Eng. Ann. Cas. 188), by the terms of an oral contract, the plaintiff agreed to cut for defendant and deliver along the right of way 15,000 cords of wood, 3,000 cords of which were to be cut from plaintiff's land, and the balance from the land of the defendant. For the 3,000 cords, defendant was to pay $2.00 per cord, and for the remainder, $1.75 per cord, the defendant to deduct from the price, 25 cents per cord for what was called stumpage,—that is, for trees furnished by it, or cut on its land. There was a suit based on alleged breach of performance, in which the question as to whether this was a contract for an interest in land was involved; and, after reviewing the authorities, the court reached the conclusion that it was "a contract, not for the sale of trees, but merely for the cutting of them into cordwood : it is simply a contract for employment, and not for any interest in the article upon which the labor is to be bestowed." A like conclusion was reached in *Lambden*

*v. West,* 7 Del. Ch. 266 (44 Atl. 797), and in *Hamilton v. McDonnell,* 5 U. C. Q. B. O. S. 720. See, also, *Scales v. Wiley,* 68 Vt. 39 (33 Atl. 771). To construe an agreement such as herein considered as within the statute of frauds would be tantamount to saying that undertakings of laborers to fell trees, dig gravel from a pit, or cut growing grain or hay, involve interests in land, and are not provable by parol evidence. Such is not the law. The ruling on the demurrer was erroneous, and it, with the judgment, is— *Reversed.*

WEAVER, GAYNOR, and STEVENS, JJ., concur.