A. B. WALSTON, P. F. WALSTON, AND GUY M. WOOD ` v. R. C. LOWRY, SR.

(Filed 22 September, 1937.)

**1. Evidence § 32—**

The fact that a witness is the father of one of the parties does not constitute such witness an interested party within the meaning of C. S., 1795, relating to communications or transactions with a decedent.

---

WALSTON *v.* LOWRY.

---

**2. Frauds, Statute of, § 9—**

    A contract of the owner of land to sell at a stipulated price all logs which the owner should cut from the tract is not a contract affecting realty within the meaning of C. S., 988, since the cutting and delivery of the logs would constitute a conversion of the standing timber from real property into personalty.

CIVIL ACTION before *Cowper, Special Judge,* at May Term, 1937, of PASQUOTANK. Reversed.

*R. Clarence Dozier and M. B. Simpson for plaintiffs, appellants.*
*R. B. Lowry and John H. Hall for defendant, appellee.*

SCHENCK, J. Subsequent to the institution of this action and before the trial thereof A. B. Walston took a voluntary nonsuit, and the defendant R. C. Lowry, Sr., died and his executrix, Mrs. Polly Lowry, was made a defendant and filed answer.

The plaintiffs alleged that R. C. Lowry, Sr., by parol, "agreed to sell to said partnership (composed of the plaintiffs P. F. Walston and Guy M. Wood) all of the pine logs to be cut by him from said tract at the price of eleven dollars per thousand feet f. o. b. trucks on the county road, defendant stating that he was going to cut and sell the logs therefrom," and that the defendant's testator cut and delivered a part of the pine logs on his said tract of land, but failed and refused to cut and deliver all thereof, and that the plaintiffs paid to the defendant's testator the contract price for all such logs as were cut and delivered to them. The defendant denied these allegations and pleaded the statute of frauds.

The plaintiffs offered A. B. Walston as a witness, who, but for the court's sustaining objection to his testimony, would have testified to facts tending to sustain the aforesaid allegations. Upon the court's sustaining the objection to the testimony of A. B. Walston, the plaintiffs stated that since they were unable to make out a *prima facie* case without said testimony, they would, in deference to his honor's ruling, submit to a nonsuit and appeal. Whereupon judgment of nonsuit was entered and the plaintiffs appealed, assigning errors.

This appeal raises two questions: (1) Was the testimony of A. B. Walston incompetent under C. S., 1795, and (2) did the alleged contract relate to the sale of real estate, or any interest in or concerning real estate, and was therefore void under the provisions of the statute of frauds, C. S., 988, since no memorandum or note thereof was put in writing.

The witness A. B. Walston testified that he had no interest in the result of this action, and it does not appear in the record that he had

any such interest. True, he was the father of the plaintiff P. F. Walston, but this does not constitute him such an interested party as to bring him under the inhibitions of the statute, C. S., 1795.

The alleged contract did not relate to real estate or an interest in or concerning real estate, since it contemplated that the defendant's testator was to cut the pine timber into logs and deliver such logs f. o. b. plaintiffs' trucks on the county road. The cutting of the timber into logs and the delivery of the logs to the trucks by the defendant's testator would constitute a conversion of the standing timber from real property into personalty.

"It was held in the case of *Smith v. Surman,* 9 B. & C., 561, that where the owner of land agreed with another to cut timber from his own land and deliver the trees, when cut down or severed from the freehold, to the latter for a stipulated price, the statute did not apply; and the particular agreement, in that case, being construed to have the said effect in law, was therefore held not to be within the statute. And the converse of the proposition is equally true, that where one contracts with another to cut timber from his own land and deliver it to him when cut or severed, the statute has no application. It has been so expressly decided. *Killmore v. Howlett,* 48 N. Y., 569; *Forbes v. Hamilton,* 2 Tyler, 356; *Scales v. Wiley,* 68 Vt., 39; *Green v. Armstrong,* 1 Denio, 550; *Boyce v. Washburn,* 4 Hun., 792; 2 Reed on Statute of Frauds, sec. 711." *Sumner v. Lumber Co.,* 175 N. C., 654.

The statute of frauds in our opinion has no application to this case.

The judgment below is

Reversed.