Civil action to recover by claim and delivery certain logs claimed by plaintiff under an alleged contract between him and defendant.
Plaintiff alleges in his complaint, liberally interpreted:
I. That he and defendant entered into an agreement concerning a certain boundary of timber owned by the defendant in which it was agreed (1) that plaintiff should cut down certain trees, and saw them into logs; (2) that defendant would haul the logs to a point where plaintiff could reach them with his truck; (3) that plaintiff would then haul the logs to his sawmill and manufacture same into lumber, six thousand feet of which was to be manufactured according to specifications given by defendant, and delivered to defendant; and (4) that plaintiff should have the remainder as pay for cutting the trees, hauling the logs and manufacturing the lumber.
II. That he, the plaintiff, immediately entered upon the premises of defendant and began the performance of his part of the agreement, and *Page 670 
after all the trees had been cut down and cut into log lengths, and the logs hauled, and six thousand feet of the lumber was manufactured and delivered to defendant, there were seventy-five logs remaining in the woods and on premises of defendant, which defendant forbade plaintiff to remove and denied to him the right to take the logs according to the agreement and refuses to plaintiff the right to enter and remove same.
III. That he, the plaintiff, has fully complied with the terms of the contract; and is entitled to possession of the logs remaining in the woods as pay for his work and labor, and "insists that defendant be made to comply with his part of the same and . . . to deliver to the plaintiff the logs which plaintiff purchased and paid for according to the terms of the contract," and if for any reason defendant is not able to deliver the specific logs, plaintiff is entitled to damages therefor.
Thereupon, and in accordance with these allegations, plaintiff prays judgment against defendant.
On the other hand, defendant, answering, denies the material allegations of the complaint, and as further defense, and by way of counterclaims, avers:
I. That since the contract attempted to be set up by plaintiff is for the sale and purchase of standing timber, it is required by law to be in writing, and he pleads the statute of frauds in bar of plaintiff's right to maintain the action.
II. That if the court should determine that the contract upon which plaintiff seeks to recover is not within the prohibition of the statute of frauds, and plaintiff is entitled to sue upon same, then defendant avers that about the middle of January, 1945, he selected 110 trees growing upon his premises and agreed with plaintiff that plaintiff might cut same for lumber, and at his own expense cut, log and saw same, and deliver to defendant the first 6,000 feet, cut according to defendant's specifications, from which defendant intended to construct a house upon his lands; that plaintiff neglected and refused to start operations when he agreed, and defendant started cutting the timber, for the cost of which, $25.00, plaintiff agreed to pay defendant and still owes, and refuses to pay same; that plaintiff refused and neglected to cut and deliver to defendant this 6,000 feet of lumber as agreed upon, and only delivered 4,642 feet to the damage of defendant in sum of $80 which plaintiff justly owes defendant; that although defendant had selected, pointed out and agreed that 110 trees although defendant had selected, pointed out an additional 30 trees, not in the agreement, worth as logs at least $400, were wrongfully cut by plaintiff, and since same were not mature and ripe for cutting, their cutting by plaintiff has damaged defendant in sum of $500, which he is entitled to recover of plaintiff; and, by reason of the matters and things so averred, defendant is entitled to have and *Page 671 
recover of the plaintiff the sum of $605. Upon these averments defendant prays that plaintiff take nothing by his alleged cause of action, and that he have and recover of the plaintiff the sum of $605 and the costs of the action.
Plaintiff, in reply, denies in substance the averments of defendant in conflict with the allegations of his complaint, and prays that defendant take nothing by his counterclaim, and for judgment as prayed in his complaint.
Upon the trial in Superior Court, plaintiff offered evidence tending to support the allegations of his complaint, but the court sustained objections thereto, apparently upon the ground that the alleged contract was oral and not in writing, and plaintiff took numerous exceptions.
At the close of plaintiff's evidence motion of defendant for judgment as of nonsuit was allowed, and the action dismissed at cost of plaintiff.
From judgment in accordance therewith plaintiff appeals to Supreme Court and assigns error.
Plaintiff's exception to the refusal of the court to admit parol evidence tending to support the allegations of his complaint as to the alleged agreement upon which this action is based is well taken.
While in this State it is provided by statute, G.S., 22-2, that "all contracts to sell and convey lands . . . or any interest in or concerning them . . . shall be void unless said contract, or some memorandum or note thereof, be put in writing and signed by the party to be charged therewith, etc.," and while it may be taken as settled that growing trees are a part of the land, and that a contract for the sale thereof is considered as within the meaning and intent of the statute, the alleged contract between the parties to the present action is not one for the sale of growing timber. It is a contract of employment for the conversion of trees growing on defendant's land into logs and for manufacture of the logs into lumber for the primary benefit of defendant to the extent of 6,000 feet of lumber, for which plaintiff was to be compensated in logs. It does not contemplate that there should be a transfer of any title to or interest in the trees as they stood upon the land, which is essential to bring the agreement within the purview of the statute. The case of Ives v. R. R., 142 N.C. 131,55 S.E. 74, is on all-fours with the case in hand. The opinion of this Court by Walker, J., fully discusses the subject. See also Sumner v. Lumber Co.,175 N.C. 654, 96 S.E. 97, and Walston v. Lowry, 212 N.C. 23,192 S.E. 877. *Page 672 
Hence, we hold that plaintiff is entitled to an opportunity to make out his case on parol evidence, and for error in refusing to admit such evidence, the judgment as of nonsuit is
Reversed.